IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02038-BNB

KHALIF ABDUL QAWI MUJAHID, also known as
KEITH G. GAFFNEY,

    Plaintiff,

v.

ROBERT WILEY, Warden, et al.,
CHRISTOPHER B. SYNSVOLL, Legal Supervisor,
THERESA MONTOYA, Senior Attorney,
CARMEN DIEHL, Staff Attorney,
LIEUTENANT M. BIER,
LIEUTENANT D. CLARK,
LIEUTENANT LOA,
OFFICER GOFF, and
OFFICER S. TAYLOR,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
                      CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Khalif Abdul Qawi Mujahid, also known as Keith E. Gaffney, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Mujahid has filed *pro se* a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. He asks for money damages and injunctive relief. He has paid the $350.00 filing fee.

The Court must construe the complaint liberally because Mr. Mujahid is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mujahid will be ordered to file an amended complaint.

The Court has reviewed Mr. Mujahid's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mujahid's complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His handwriting is difficult to read, and his claims

are verbose. He fails to allege what, if any, constitutional rights he believes were violated. He relies upon numerous attachments to the complaint to explain his claims, apparently expecting the Court and Defendants to sift through the attachments to determine their relevance to his asserted claims, and to speculate how his rights have been violated. That is not a judicial function.

It is Mr. Mujahid's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Mujahid must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

The amended complaint Mr. Mujahid will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. To state a claim in federal court, Mr. Mujahid's amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Mujahid is reminded that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Mujahid must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v.*

3

*City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Mujahid must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Mujahid should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Khalif Abdul Qawi Mujahid, also known as Keith E. Gaffney, file **within thirty (30) days from the date of this order** an original and sufficient service copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mujahid, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Mujahid submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Mujahid fails to file an original and sufficient service copies of an amended complaint that comply with this order to the Court's

4

satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 19, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02038-BNB

Khalif Abdul Qaui Mujahid
a/k/a Keith G. Gaffney
Reg. No. 19979-101
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  11/19/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk