IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 08-cv-02038-ZLW-MJW

KHALIF ABDUL QAWI MUJAHID, a/k/a KEITH E. GAFFNEY,

    Plaintiff,

v.

ROBERT WILEY, Warden,
CHRISTOPHER B. SYNSVOLL, Legal Supervisor,
THERESA MONTOYA, Senior Attorney,
CARMEN DIEHL, Staff Attorney,
LIEUTENANT M. BIER,
LIEUTENANT D. CLARK,
LIEUTENANT LOA,
OFFICER GOFF, and
OFFICER S. TAYLOR,

    Defendants.

## ORDER OF DISMISSAL

On June 28, 2010, this Court ordered Plaintiff to show cause in writing why his claims against unserved Defendants Loa and Taylor should not be dismissed without prejudice based upon his failure to exhaust his administrative remedies (Doc. No. 46). After reviewing his timely response, the Court has determined that Defendants Loa and Taylor must be dismissed.

Plaintiff's response has been liberally construed because he is *pro se*.[1]  The Court has determined that a portion of this response concerns Plaintiff's disagreement

---

[1] *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

as to this Court's June 28, 2010 decision.[2]  To the extent that Plaintiff's response can be interpreted as a motion for reconsideration of the Court's June 28, 2010 Order, this motion is denied.

Plaintiff briefly references the issue of exhaustion on pages 3-4 of his response.[3]  However, after reviewing his argument, the Court is satisfied that its initial Order, and the Magistrate Judge's analysis of the law and facts in his Recommendation, are correct.  The reasoning for dismissing Claim Two as to the previously dismissed Defendants applies equally to Defendants Loa and Taylor.  Specifically, Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.[4]  Accordingly, it is

ORDERED that Defendant's response to the Order To Show Cause, to the extent it is a motion for reconsideration of this Court's June 28, 2010 Order, is denied (Doc. No. 47; July 15, 2010).  It is

FURTHER ORDERED that Defendants Loa and Taylor are dismissed without prejudice for failure to exhaust administrative remedies.  It is

---

[2]The Order To Show Cause is exclusively concerned with matters surrounding Defendants Loa and Taylor.  However, Plaintiff asks this Court to "reinstate[] the complaint," and disagrees several times with this Court's previous decision to not hold an evidentiary hearing. Doc. No. 47 at 1, 2, 4.  These are both objections to the Court's previous Order, not responses to the limited scope requested by the Order To Show Cause.

[3]Plaintiff's response to the Order To Show Cause is docketed as Doc. No. 48.

[4]42 U.S.C. § 1997e(a); see Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003) (exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it.").

FURTHER ORDERED that the complaint and cause of action are dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

DATED at Denver, Colorado, this 21st day of July, 2010.

BY THE COURT:

*[signature: Zita Leeson Weinshienk]*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court